# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*                                    *Lu'Shell K. Alexander\**
*Jennifer R. Gorchow, Staff Attorney*                          *Jennie P. Archer\**
*William H. Clunn, III, Staff Attorney*                       *Kelleen E. Stanley\**
                                                              *Kimberly A. Talley\**
                                            *\*Certified Bankruptcy Assistant*

January 6, 2025

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

RE:    Chapter 13 Bankruptcy
       Debtor(s) Name:        Yansel M. Benvenutti and Javier Benvenutti
       Case No:               22-17142   JNP

Dear Judge Altenburg:

Please accept this letter in lieu of a more formal objection to the Application for Compensation filed on December 28, 2024 by Jeanie D. Wiesner, Esquire, in the above-referenced bankruptcy matter. The Trustee requests a hearing be set on this matter.

The Trustee objects to this application for supplemental fees because Counsel's Exhibit A attached with the motion/application provides an hourly breakdown for the dates of June 4, 2024, June 11, 2024 and June 17, 2024, wherein Debtor's counsel certifies that services were rendered reviewing, discussing, responding to a Trustee's Certification of Default, and drafting a wage order for 1.50 hours at the hourly rate of $335.00 = $500. Firstly, Counsel asserts that it took her twelve (12) minutes to review the Trustee's Certification of Default which was premised entirely on Debtor's failure to make approximately 3 1/2 plan payments. Secondly, Counsel asserts that she it took thirty (30) minutes to discuss that Certification of Default with debtor(s)'; answering their questions and counseling the debtor(s)' regarding her next steps. Thirdly, (and of concern to the Trustee), Counsel asserts that it took Ms. Wiesner thirty (30) minutes to type the caption (which may already have been prefilled), and to type the sentence, "Debtor proposes to capitalize arrears into the Chapter 13 Plan; Debtors propose to resume regular monthly payments in July 2024," in opposition to the Trustee's Certification of Default, and file that opposition. **See Debtor's Opposition to the Trustee's Certification of Default attached hereto as Ex. A.** Lastly, (another concern of the Trustee), Counsel asserts that it took her 18 minutes to draft and submit to Chambers an Order for Debtor's plan payments to be deducted from their wages. Upon further review of the Certification filed by Debtor's counsel for services rendered on July 11, 2024 and July 17, 2024, the Trustee believes that the third and fourth charges are excessive, not actual, and therefore unreasonable.

Additionally, Mr. Sadek is certifying under penalty of perjury that the application is true and correct. However, in Exhibit A, which reflects the hourly breakdown of services rendered, Ms. Wiesner is the only attorney who rendered the subject services. How is Mr. Sadek able to certify the nature of and time spent rendering these services when Ms. Wiesner is the attorney who provides these services and tracked her time?

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

**OFFICE OF THE CHAPTER 13
STANDING TRUSTEE**

*/s/ Andrew B. Finberg*

**ANDREW B. FINBERG,**
Chapter 13 Standing Trustee

ABF:lka
Enclosure(s)

c:      Jeanie D. Wiesner, Esquire   (Debtor(s) Attorney)   (via Electronic Case Filing / ECF)
        Yamsel M. Benvenutti and Javier Benvenutti   (Debtors')   (via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**